JOSÉ CABALLERO MEDINA, Plaintiff and Appellee, *v.* FÉLIX VIERA CURVELO ET AL., Defendants and Appellants.

No. 4964. Argued February 7, 1930.—Decided July 15, 1930.

M. *Benítez Flores* for appellants. *Blondet & Campillo* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an action to annul a dominion title proceeding and to recover the property involved in such proceeding, together with mesne profits.

After considering the pleadings and the evidence in the case, the district court found for the plaintiff. The following summary appears at the end of the statement of the case and opinion of that court:

"After a careful examination of the lengthy evidence introduced in the present case, we have concluded: (1) That plaintiff José Caballero Medina is a co-heir with the defendants and, as such, he is entitled to one-half of the rural property of 42 acres (*cuerdas*) located in the town of Guaynabo and described in the complaint; (2) that the dominion title proceeding instituted by Félix Viera under No. 5703 of this District Court has the defects stated in the opinion and is therefore null and void, and (3) that the defendants have been receiving the fruits of the moiety belonging to the plaintiff assessed by the court, in accordance with the evidence heard, at a sum not below $2,500, to which the plaintiff is entitled as damages and as the value of the fruits and rents produced but not received, which sum the defendants are severally adjudged to pay, together with the costs and the expenses of this litigation."

The defendants thereupon took an appeal to this court. Their brief does not contain an assignment of errors, as required by the rules of this court. It sets out nineteen points called by the appellants questions of law, and four points designated as questions of fact. The questions of law are: (1) Denial of the motion to strike out; (2) overruling of the demurrer; (3) acting under the impulse of prejudice; '(4) dismissal of the first special defense in the answer; (5) the second defense; (6) the third defense; (7) admission in evidence of the record of the dominion

title proceedings; (8) admission of the affidavit of Juan del Carmen Torres; (9) of the affidavit of Juan García Rosado; (10) of that made by José Caballero; (11) permitting a certain question to be put to Zenón Díaz; (12) cross-examination of the same witness; (13) refusal to allow a certain question to be asked; (14) admission of a part of the cross-examination of Félix Viera; (15) similarly as to the witness F. J. Mojica; (16) permitting certain questions put to Z. Díaz; (17) refusal to admit the evidence offered in aid of the construction of a certain document; (18) permitting a certain question to be put to Quintín de León; and (19) disregarding the testimony of Juan García. The four questions of fact relate to errors claimed in the weighing of the evidence.

We are unable to understand how such a brief could be filed in support of an appeal, in which the transcript of the record does not include the evidence heard nor the proceedings had at the trial. Under these circumstances, there is no basis for considering the said four questions of facts nor, *prima facie,* thirteen of the nineteen questions of law raised. The entire lengthy argument in regard to them contained in the brief is thus rendered useless.

The first question of fact, that is, the one relating to the motion to strike out, is stated but not argued in the brief. Notwithstanding this, we have considered the motion and the decision of the court thereon, and we do not think that there is anything of a substantial character involved in them requiring a reversal of the judgment.

The second question is argued in the brief thus:

"The second error refers to the demurrer filed by the plaintiffs and appellants to the complaint for lack of facts sufficient to constitute a cause of action.

"The grounds for that demurrer stated in the oral argument are, among others, those which were reproduced by way of special defense and which constitute, moreover, the errors marked under Nos. 4 and 5 in our brief, that is, the first and second special defenses (Tr. p. 15).

"The first of these defenses is that admitting that the father or predecessor in interest of Narciso Caballero might have had some right or interest in the property in question, the latter ceased to be an owner long ago—of the land, because he had lost the possession thereof, if he ever had it, since 1827; and of the house standing on the said property, because the said Narciso Caballero, father of the plaintiff and appellee, sold it in 1878 to Alejandro Viera, father of the defendants and appellants."

Appellants then go into a lengthy analysis of the evidence, which, as already stated, is not set out in the transcript of the record. Hence, there is no basis either for considering questions 2, 4, and 5.

The sixth point relates to the misjoinder of causes of action. Such a question was not presented as a ground for demurrer, but as a special defense in the answer. For this reason, in arguing the point, resort was had to the evidence, which has not been sent up to us. Confining ourselves to the complaint, we think that it was proper to join therein the cause of action for annulling the dominion title proceeding, which had been instituted by one of the defendants in his own behalf only, with that for the recovery of the one-half interest in the property involved in such proceeding and which belonged, by right of inheritance, to the plaintiff, and also a claim for the fruits appropriated.

There only remains to be considered the third of the questions designated as questions of law, namely, that involving the contention that "the decision of the lower court in this case is null and void because the judge thereof has shown from the beginning and in the conduct of the trial, and thereafter in his opinion and judgment, that he was moved by passion, prejudice and partiality."

The conduct of the judge during the trial is unknown to us. His rulings on the motion to strike out and on the demurrer are confined to the dismissal of the one and the overruling of the other; his opinion and judgment in the case fills six pages and contains an analysis of the question

involved in the suit and of the evidence heard, and concludes in the manner already shown. The judgment conforms to the pleadings and to the findings of fact stated in the opinion. There is no showing of passion, prejudice or partiality as claimed.

The judgment appealed from must be affirmed.